UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL P. WHITNEY,<br><br>            Plaintiff,<br><br>     v.<br><br>J. WALKER, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:10-CV-01963-DLB PC<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(DOC. 9)<br><br>RESPONSE DUE WITHIN 30 DAYS |

**Screening Order**

**I.     Background**

Plaintiff Joel P. Whitney ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on October 20, 2010. Plaintiff filed his amended complaint on April 21, 2011. Doc. 9.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary Of Complaint

Plaintiff is currently incarcerated at Avenal State Prison ("ASP") in Avenal, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants: J. Walker, chief of medical inmate appeals; James D. Hartley, warden of ASP; Ellen Greenman, chief medical officer of ASP; Donald B. McElroy, CEO of health care services at ASP; M. Boparai, chief physician and surgeon at ASP; S. Malogi, health care advocate at ASP; and G. Campbell, medical doctor at ASP.

Plaintiff alleges the following.  Plaintiff was diagnosed with prostate cancer on May 26, 2009, of which Defendants were aware.  Am. Compl. ¶ 15.  Plaintiff received forty radiation treatments from August 5 to October 2 of 2009, of which Defendants were aware.  *Id.* ¶ 16.

On November 20, 2007, CDCR issued a memorandum concerning "exclusion of inmate-patients susceptible to coccidiomycosis from highest risk (hyperedemic) area institutions." *Id.* ¶ 17.  ASP was one of the eight listed institutions as highest risk for coccidiomycosis (valley fever).  *Id.*  Defendants were aware of this.  *Id.*

The memo further cited that inmate-patients with cancer as one of the classes of inmate-patients who, by definition, were described as "susceptible" to valley fever and who "cannot be housed at institutions within the [valley fever] hyperedemic area." *Id.* ¶ 18.  Defendants did not transfer Plaintiff out of the area.  *Id.*  Defendants knew that Plaintiff was at an increased risk because he had cancer and was receiving monthly injections of Lupron, which weakened

Plaintiff's immune system. *Id.* ¶ 19.

Because Defendants did not transfer Plaintiff, Plaintiff was hospitalized at Bakersfield Memorial Hospital for two weeks. *Id.* ¶ 20. Part of Plaintiff's left lung was removed due to disease from valley fever. *Id.*

Plaintiff tried on numerous occasions to be transferred, but was denied. Id. ¶ 21. On May 4, 2010, Defendant Campbell diagnosed Plaintiff as having moderate-to-severe stage II-III Chronic Obstructive Pulmonary Disease (COPD) asthma." *Id.* ¶ 22. Plaintiff submitted a 602 inmate grievance informing Defendants of his serious medical condition and medical need. Id. Defendants did not transfer Plaintiff to another institution. *Id.* Dust storms frequently occur in this area, which aggravates Plaintiff's asthma. Defendants prescribed various drugs for Plaintiff's asthma, which he contends is ineffective during dust storms. *Id.* Plaintiff contends that as health care providers, Defendants knew that Plaintiff should be removed from the present area to a prison where dust storms and valley fever are not present. *Id.*

Plaintiff contends a violation of the Eighth Amendment. Plaintiff seeks declaratory relief, monetary damages, attorney's fees, and a criminal complaint filed against Defendants.

**III.   Analysis**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at

3

835; *Frost*, 152 F.3d at 1128.

Here, Plaintiff alleges knowledge by healthcare provider Defendants of Plaintiff's medical conditions and the presence of valley fever in ASP, and their failure to take reasonable actions. Am. Comp. ¶ 25. At the pleading stage, Plaintiff states a cognizable claim against Defendants Walker, Greenman, McElroy, Boparai, Malogi, and Campbell for deliberate indifference in violation of the Eighth Amendment.

Plaintiff fails to allege a cognizable claim against Defendant Hartley. Plaintiff fails to allege sufficient facts which indicate that he knew of and disregarded an excessive risk to Plaintiff's health. Plaintiff appears to attribute liability to Defendant Hartley based only on his role as warden of ASP.

The Supreme Court emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to allege sufficient facts which indicate that Defendant Hartley personally participated in the alleged deprivation, knew of the violations and failed to act, or implemented a constitutionally deficient policy. *Hansen*, 885 F.2d at 646; *Taylor*, 880 F.2d at 1045.

**IV.     Conclusion And Order**

Plaintiff states a cognizable claim against Defendants Walker, Greenman, McElroy, Boparai, Malogi, and Campbell for deliberate indifference in violation of the Eighth Amendment. Plaintiff fails to state any other claims against any other Defendants.

The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides not to amend and is willing to proceed only on the claims found to be cognizable, the Court will issue an order dismissing Defendant Hartley from this action, and forward service documents to Plaintiff for completion and return as to Defendants Walker, Greenman, McElroy, Boparai, Malogi, and Campbell. The Court will then direct the United States Marshal to effect service of process of both the amended complaint and the motion for preliminary injunction on the remaining Defendants.

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

   (a) file a second amended complaint curing the deficiencies identified herein; or

   (b) notify the Court of willingness to proceed only on claims found to be cognizable as stated herein; and

3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **May 6, 2011**              /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE