# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL P. WHITNEY, | CASE NO. 1:10-CV-01963-DLB PC |
| Plaintiff, | ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND |
| v. | |
| J. WALKER, et al., | (DOC. 12) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

## Screening Order

### I.   Background

Plaintiff Joel P. Whitney ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on October 20, 2010. Plaintiff filed his amended complaint on April 21, 2011. Doc. 9. On May 9, 2011, the Court screened Plaintiff's amended complaint and found that it stated cognizable claims against Defendants Walker, Greenman, McElroy, Boparai, Malogi, and Campbell for deliberate indifference to a serious medical need, but failed to state a claim against Defendant Hartley. Doc. 10. Plaintiff was provided the opportunity to file a second amended complaint or notify the Court of his willingness to proceed only on the cognizable claims. On June 3, 2011, Plaintiff filed his second amended complaint. Doc. 12.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
2 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
3 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
4 § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
5 paid, the court shall dismiss the case at any time if the court determines that . . . the action or
6 appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
7 1915(e)(2)(B)(ii).

8    A complaint must contain "a short and plain statement of the claim showing that the
9 pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
10 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
11 conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
12 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual
13 matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*,
14 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

15 **II.    Summary Of Second Amended Complaint**

16    Plaintiff is currently incarcerated at Avenal State Prison ("ASP") in Avenal, California,
17 where the events giving rise to this action occurred.  Plaintiff names as Defendants: J. Walker,
18 chief of medical inmate appeals; James D. Hartley, warden of ASP; Ellen Greenman, chief
19 medical officer of ASP; Donald B. McElroy, CEO of health care services at ASP; M. Boparai,
20 chief physician and surgeon at ASP; S. Malogi, registered nurse and health care advocate at ASP;
21 G. Campbell, medical doctor at ASP; J. Nay, health care appeals coordinator at ASP; Robert
22 Chapnick, chief medical executive and medical doctor at ASP; and L. D. Zamora, chief of the
23 California Health Care Services for third level appeals in health care.

24    Plaintiff alleges the following.  Dr. Gene Hori diagnosed Plaintiff with prostate cancer on
25 May 26, 2009, of which Defendants were aware, and Defendant Hartley's office had been
26 notified.  Second Am. Compl. 6.  Plaintiff received forty radiation treatments from August 5 to
27 October 2 of 2009, of which Defendants were aware and Defendant Hartley's office had been
28 notified.  *Id.*  On October 28, 2009, Plaintiff received a series of steroid injections upon

completion of his radiation treatment.  Upon information and belief,[1] Defendants were aware, and the Warden's office was notified. *Id.* at 7.

On November 20, 2007, CDCR issued a memorandum concerning "exclusion of inmate-patients susceptible to coccidiomycosis from highest risk (hyperendemic) area institutions." *Id.* ASP was one of the eight listed institutions as highest risk for coccidiomycosis (valley fever). *Id.* Defendants were aware of this memorandum. *Id.* The Mayo Clinic has a report which states that people being treated with steroids, with a weakened immune system, or people with cancer had an increased risk of complications from valley fever. *Id.*

On December 21, 2009, Plaintiff was admitted to Bakersfield Memorial Hospital for chest pain. *Id.* at 8.  An x-ray at BMH revealed that Plaintiff had a lesion on his left lung. *Id.* Plaintiff was scheduled for surgery. *Id.*  After surgery, a biopsy revealed that Plaintiff had a lesion that had been caused by a severe infection from valley fever. *Id.*  All Defendants were made aware of this. *Id.*

On January 20, 2010, Plaintiff submitted a 602 inmate grievance to Medical, requesting a transfer to California Rehabilitation Center in Norco, California. *Id.*  Plaintiff feared further medical complications, and wished to be closer to his family. *Id.*  Plaintiff saw Defendant Campbell who stated that he saw no medical reason for a transfer. *Id.*

On May 4, 2010, Defendant Campbell diagnosed Plaintiff as having moderate-to-severe stage II-III Chronic Obstructive Pulmonary Disease (COPD) asthma + cocci." *Id.*  All Defendants, including Defendant Hartley, knew of Plaintiff's chronic asthma. *Id.*

On September 24, 2010 and January 15, 2011, Plaintiff submitted a CDCR 7362 Health Care Request Form because Plaintiff's inhalers were ineffective during the numerous dust storms. *Id.* at 9.  Dust storms frequently occur in this area, which aggravates Plaintiff's asthma. *Id.*  Defendants were aware of this. *Id.*

Plaintiff wrote a letter to the Human Rights Commission on October 2010, describing his medical conditions. *Id.*  On November 17, 2010, Plaintiff received a reply from the Commission,

---

[1] Plaintiff prefaces all his knowledge upon information and belief.

3

stating that Plaintiff's letter was forwarded to Defendant Hartley at ASP.  Id.  No action was taken by Defendant Hartley.  *Id.*

On May 16, 2011, Plaintiff received a medical classification chrono from Defendant M. Boparai.  *Id.*  The classification chrono showed that Plaintiff's medical condition is permanent and that he qualifies as ADA (disabled), and that should avoid noxious fumes and excessive exposure to dust.  *Id.*  Defendants refused to transfer Plaintiff even though they are aware of the excessive and numerous dust storms in the area.  *Id.*

Plaintiff contends a violation of the Eighth Amendment.  Plaintiff seeks declaratory relief, monetary damages, attorney's fees, and a criminal complaint filed against Defendants.

### III.    Analysis

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982).  In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him.  *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

After screening Plaintiff's second amended complaint, the Court finds that Plaintiff fails to state a claim.  Plaintiff alleges knowledge on the part of all Defendants as to the substantial risk of serious harm to Plaintiff, and how they failed to act.  Plaintiff has alleged an objectively serious harm.  Plaintiff, however, fails to provide further allegations regarding Defendants' knowledge.  Plaintiff's allegations concerning knowledge are mostly "upon information and

belief" without more.  This is insufficient to state a claim.  *See Iqbal*, 129 S. Ct. at 1949 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (citations and internal quotations omitted).  Here, assertions of knowledge "upon information and belief" alone is a label and conclusion, and insufficient to state an Eighth Amendment claim for deliberate indifference.

Plaintiff also makes several specific factual allegations, which also fails to state a claim.  As to Defendant Campbell, Plaintiff alleges that he informed Plaintiff that he did not qualify for a medical transfer.  Defendant Campbell later diagnosed Plaintiff as having chronic asthma.  However, Plaintiff has not sufficiently alleged that Defendant Campbell knew of the serious harm to Plaintiff and failed to act.

As to Defendant Hartley, Plaintiff alleges that the Human Rights Commission forwarded Plaintiff's letter to him concerning Plaintiff's medical conditions.  This allegation does not demonstrate actual knowledge on the part of Defendant Hartley, and thus fails to demonstrate that he knew of and disregarded an excessive risk of serious harm to Plaintiff.

As to Defendant Bopari, Plaintiff alleges that he received a chrono from the Defendant which labeled Plaintiff as disabled.  This does not demonstrate disregard by Defendant Bopari of a substantial risk of serious harm.

Because Plaintiff may be able to cure the deficiencies identified herein, the Court will provide Plaintiff one final opportunity to amend his pleadings.

## IV.    Conclusion And Order

Plaintiff's second amended complaint is dismissed for failure to state a claim against any Defendants.  The Court will provide Plaintiff with an opportunity to file a third amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.

P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's second amended complaint is dismissed for failure to state a claim, with leave to file a third amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 13, 2011**                     /s/ **Dennis L. Beck**
                                                                  UNITED STATES MAGISTRATE JUDGE