# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL P. WHITNEY, | 1:10cv01963 DLB PC |
| Plaintiff, | ORDER DISMISSING DEFENDANT AND CLAIM FROM THIRD AMENDED COMPLAINT |
| v. | |
| J. WALKER, et al., | |
| Defendants. | |

## Screening Order

### I. Background

Plaintiff Joel P. Whitney ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. He filed his Complaint on October 20, 2010.[1]

Plaintiff filed his First Amended Complaint on April 21, 2011. On May 9, 2011, the Court screened Plaintiff's First Amended Complaint and found that it stated cognizable claims against Defendants Walker, Greenman, McElroy, Boparai, Malogi, and Campbell for deliberate indifference to a serious medical need, but failed to state a claim against Defendant Hartley. Plaintiff was provided the opportunity to file a Second Amended Complaint or notify the Court of his willingness to proceed only on the cognizable claims.

---

[1] On October 28, 2010, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.

1

1    On June 3, 2011, Plaintiff filed his Second Amended Complaint.  The Court screened the
2 Second Amended Complaint on October 14, 2011, and found that Plaintiff failed to state a claim
3 against any Defendant.  The Court allowed Plaintiff one final opportunity to amend.
4    Plaintiff filed his Third Amended Complaint on November 17, 2011.
5    The Court is required to screen complaints brought by prisoners seeking relief against a
6 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
7 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
8 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
9 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
10 § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
11 paid, the court shall dismiss the case at any time if the court determines that . . . the action or
12 appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
13 1915(e)(2)(B)(ii).
14    A complaint must contain "a short and plain statement of the claim showing that the
15 pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
16 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
17 conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
18 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual
19 matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*,
20 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

21 **II.    Summary of Third Amended Complaint**

22    Plaintiff is currently incarcerated at Avenal State Prison ("ASP") in Avenal, California,
23 where the events giving rise to this action occurred.  He names Chief of Prison Health Care
24 Services J. Walker, Chief of Prison Health Care L. D. Zamora, Warden James D. Hartley, Chief
25 Medical Officer Ellen Greenman, CEO of Health Care Services Donald B. McElroy, Chief
26 Physician and Surgeon M. Boparai, Registered Nurse S. Malogi, Medical Doctor G. Campbell,
27 Health Care Appeals Coordinator J. Nay, and Chief Medical Executive Robert Chapnick as
28 Defendants.

Plaintiff alleges that he arrived at ASP on November 5, 2007, in good health. On January 21, 2009, Defendant Campbell requested and signed a "Physician Request for Services" form after lab results showed elevated PSA levels. Dr. Campbell requested that Plaintiff be screened for cancer and the form was sent to Dr. Gene Hori in San Luis Obispo.

On May 22, 2009, Dr. Hori diagnosed Plaintiff with prostate cancer and sent his findings back to ASP's medical department. On the same date, ASP Dr. Abdou signed Plaintiff's lab report showing a PSA level of 8.32.

Dr. Hori referred Plaintiff to Dr. Longo at Templeton Radiation Oncology Medical Center for radiation treatments. Dr. Longo stated that Plaintiff had "clinically significant prostate cancer." Plaintiff alleges that his lymphocyte count was low, indicating a weakened immune system.

On October 2, 2009, Dr. Longo sent a letter to Dr. Hori stating that Plaintiff had completed his radiation treatments for "high-grade" prostate cancer.

On December 21, 2009, Plaintiff went to the Facility IV Medical Clinic at ASP, complaining of chest pain. He was transported to Bakersfield Memorial Hospital where he underwent surgery to remove two wedges of the upper left lobe of his lung. A biopsy revealed that Plaintiff had coccidioidomycosis (Valley Fever).

Plaintiff returned from Bakersfield Memorial Hospital on January 5, 2010. He was very concerned about his current and future health after learning that he could become reinfected with Valley Fever or some other disease.

Plaintiff alleges that a November 20, 2007, Memorandum from CDCR declared that ASP is located in a Valley Fever hyperendemic. The Memorandum declares that one of the ways to identify high-risk inmate-patients who should be excluded from specific Central Valley institutions is whether the inmate has returned from a "higher level of care." Plaintiff contends that having radiation treatments at Templeton Radiation Oncology Medical Center is commensurate with a "higher level of care."

Plaintiff submitted an Inmate/Parolee Health Care Form on January 20, 2010, setting

forth his concerns and requesting a transfer as a "susceptible inmate-patient." He contends that Defendants Campbell, Nay, Malogi, Boparai, Greenman, McElroy and Walker denied his request, stating a transfer was not medically indicated and that chest x-rays were negative for Valley Fever. Based on the attached exhibit, it appears that Defendant Campbell interviewed and examined Plaintiff, Defendants Malogi and Boparai approved the First Level denial, Defendant Nay signed the Second Level denial, Defendants McElroy and Greenman approved the Second Level denial, and Defendant Walker denied the Third Level appeal. See Exhibit F.

On May 2, 2010, Defendant Campbell diagnosed Plaintiff with moderate to severe chronic obstructive pulmonary disease ("COPD"), which resulted from his Valley Fever. He now uses several asthma inhalers.

On August 27, 2010, Plaintiff submitted a second Inmate/Parolee Health Care form concerning his COPD and the numerous amount of dust storms at ASP. He contends that the dust enters buildings and frequently causes him to have painful asthma attacks. He contends that Defendants Blackwell,[2] Malogi, Boparai, Nay, Chapnick and Zamora denied his request for a transfer, stating that a "medical transfer would be an inadequate form of treatment." According to the attached exhibit, it appears that Defendant Blackwell interviewed Plaintiff, Defendants Malogi and Boparai denied the First Level appeal, Defendant Nay signed the Second Level denial, Defendants McElroy and Chapnick approved the Second Level denial, and Defendant Zamora denied the Third Level appeal. See Exhibit I.

Plaintiff alleges that Defendants ignored the Memorandum, which caused him to suffer physical and emotional injuries. He alleges that Defendants were deliberately indifferent to his serious medical need. Defendants violated his right to receive adequate medical care by keeping him in the highest risk institution for Valley Fever while knowing that he was a cancer patient with a weakened immune system. He also alleges that Defendants refused to provide him with adequate medical treatment by keeping him in an area plagued by frequent dust storms. Plaintiff alleges that Defendants "admit that [his] medical condition is permanently chronic care" but

---

[2] Plaintiff does not include Defendant Blackwell in the caption or in the list of Defendants. Nonetheless, since Plaintiff made sufficient factual allegations against him, Defendant Blackwell is treated as a Defendant.

insist on keeping him at an institution that is injurious to his health.  He alleges violations of his "Fourteenth Amendment right to be free from cruel and unusual punishment under the Eighth Amendment."

Plaintiff further alleges that Defendant Hartley knew of his medical conditions and concerns through a letter that he wrote to the Human Rights Commission in San Francisco.  Emil De Guzman of the Human Rights Commission forwarded Plaintiff's letter to Defendant Hartley, who then took no action.  Plaintiff alleges that this inaction violated his right to adequate medical treatment and violated his Fourteenth Amendment right to be free from cruel and unusual punishment under the Eighth Amendment.

Plaintiff requests a jury trial and monetary damages.  He also requests that the Court submit a "criminal conspiracy complaint" to the United States Attorney against Defendants.

### III.     Analysis

####          1.     Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982).  In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him.  *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Based on Plaintiff's allegations, he alleges knowledge by numerous healthcare provider Defendants of his medical conditions and the presence of Valley Fever and dust storms at ASP,

1  as well as their failure to take reasonable actions.  At the pleading stage, Plaintiff states a
2  cognizable claim against Defendants Walker, Greenman, McElroy, Boparai, Malogi, Campbell,
3  Nay, Blackman, Chapnick and Zamora.  The Court will instruct Plaintiff on service by separate
4  order.
5      As to Defendant Hartley, Plaintiff alleges that the Human Rights Commission forwarded
6  Plaintiff's letter to him concerning Plaintiff's medical conditions.  This allegation does not
7  demonstrate actual knowledge on the part of Defendant Hartley, and thus fails to demonstrate
8  that he knew of and disregarded an excessive risk of serious harm to Plaintiff.  Plaintiff has been
9  granted numerous opportunities to amend the allegations but has failed to successfully do so.
10 Accordingly, Defendant Hartley is dismissed from this action.
11      2.   Fourteenth Amendment
12      Plaintiff cites the Fourteenth Amendment, but does not allege any violations of due
13 process or equal protection.  Indeed, Plaintiff's claims implicate the Eighth Amendment, which
14 "provides [the] explicit textual source of constitutional protection . . . ."  *Patel v. Penman*, 103
15 F.3d 868, 874 (9th Cir. 1996).  Therefore, the Eighth Amendment, rather than the Fourteenth
16 Amendment, governs Plaintiff's claims.

17                                **ORDER**

18      Plaintiff's Third Amended Complaint appears to state a cause of action under the Eighth
19 Amendment against Defendants Walker, Greenman, McElroy, Boparai, Malogi, Campbell, Nay,
20 Blackman, Chapnick and Zamora.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1    However, Plaintiff's Third Amended Complaint fails to state a cause of action against
2 Defendant Hartley. It also fails to state a claim under the Fourteenth Amendment.
3    Accordingly, it is HEREBY ORDERED that:
4    1.   This action proceed Defendants Walker, Greenman, McElroy, Boparai, Malogi,
5         Campbell, Nay, Blackman, Chapnick and Zamora;
6    2.   Defendant Hartley is be DISMISSED from this action; and
7    3.   Plaintiff's Fourteenth Amendment claim be DISMISSED for failure to state a
8         claim.
9    IT IS SO ORDERED.
10   Dated:   **March 15, 2012**              **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE