# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL P. WHITNEY,<br><br>                    Plaintiff,<br><br>        v.<br><br>J. WALKER, et al.,<br><br>                    Defendants. | 1:10-cv-1963-DLB PC<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE (DOC. 16)<br><br>ORDER DENYING MOTION FOR COPIES (DOC. 18) |

Plaintiff Joel P. Whitney ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 30, 2011, Plaintiff filed a motion for preliminary injunction. Doc. 16. On February 21, 2012, Plaintiff filed a motion for copies. Doc. 18. The motion for copies will be construed as a motion for preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102

1  (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471(1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1983); *see* Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

**I.     December 30, 2011 Motion**

Plaintiff moves for a preliminary injunction to transfer Plaintiff to a California medical prison which is equivalent with Plaintiff's custody level, and located in an area with few, if any, dust storms. Doc. 16. Plaintiff's claim concerns his respiratory issues and being housed at Avenal State Prison.

On April 20, 2012, Plaintiff filed an amended motion for preliminary injunction. Doc. 25. Plaintiff repeats the arguments raised in his December 30, 2011 motion. Plaintiff also makes a specific request to be transferred to California Rehabilitation Center or California Institution for Men. As it appears that Plaintiff wishes to proceed with his April 20, 2012 motion for preliminary injunction, Plaintiff's December 30, 2011 motion is HEREBY ORDERED denied without prejudice.

**II.     February 21, 2012 Motion**

Plaintiff moves for an order requesting copies of all his exhibits filed with his third amended complaint. Doc. 18. Plaintiff contends that his exhibits have disappeared after he moved to a different building. The Court does not provide free copies of documents filed with the Court. The method for acquiring copies is listed in the Court's First Informational Order. Accordingly, this motion is HEREBY ORDERED denied.

IT IS SO ORDERED.

Dated:   **April 27, 2012**                      **/s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE