# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL P. WHITNEY,<br><br>           Plaintiff,<br><br>    v.<br><br>J. WALKER, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:10-cv-01963-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COPY OF LOCAL RULES AND FEDERAL RULES OF CIVIL PROCEDURE (DOC. 26)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 29) |

      Plaintiff Joel P. Whitney ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 24, 2012, Plaintiff filed a motion for the Court to supply Plaintiff with a copy of the Local Rules and the Federal Rules of Civil Procedure. On May 21, 2012, Plaintiff filed a motion for reconsideration of the Court's April 30, 2012 Order.

**I.    Motion For Copy Of Rules**

      Plaintiff moves the Court to provide copies of the Local Rules and the Federal Rules of Civil Procedure to Plaintiff. Plaintiff contends that the law library at Avenal State Prison is inadequate because it refuses to copy any Local Rules or Federal Rules of Civil Procedure, and provides only two-hour sessions per week. Plaintiff's motion will be denied. Prisoners have a right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, incarcerated pro se litigants need only be provided adequate access to the law library. This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by

1

providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis*, 518 U.S. at 354.  The right, however, "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Lewis*, 518 U.S. at 356-57.

Plaintiff's complaints regarding his access do not rise to the level of an access to the courts violation.  The Court does not generally provide full copies of the Local Rules and the Federal Rules of Civil Procedure.  Accordingly, Plaintiff's motion, filed April 24, 2012, is denied.

## II.     Motion For Reconsideration

Plaintiff moves for reconsideration of the Court's April 30, 2012 Order.  The Court had denied Plaintiff's December 30, 2011 motion for preliminary injunction without prejudice.  The Court found that Plaintiff had re-filed the motion on April 20, 2012, and thus found the December 30, 2011 motion to be superseded.

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time. *Id.*

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted) (emphasis in original).

2

Plaintiff's motion for reconsideration appears to be moot. Plaintiff contends that the Court erroneously denied Plaintiff's April 20, 2012 motion for preliminary injunction without reviewing Plaintiff's arguments. However, the Court has yet to adjudicate Plaintiff's April 20, 2012 motion. The only motion adjudicated was Plaintiff's December 30, 2011 motion. Thus, there is no order to reconsider. Plaintiff's motion for reconsideration, filed May 21, 2012, is denied.

IT IS SO ORDERED.

Dated: **June 19, 2012**     **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE