# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL P. WHITNEY,<br><br>  Plaintiff,<br><br>  v.<br><br>J. WALKER, et al.,<br><br>  Defendants. | Case No. 1:10-cv-01963-DLB PC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND DISMISSING ACTION**<br><br>ECF No. 31 |

## I.  Background

Plaintiff Joel P. Whitney ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Third Amended Complaint, filed November 17, 2011, against Defendants Walker, Greenman, McElroy, Boparai, Malogi, Campbell, Nay, Blackwell, Chapnick, and Zamora for deliberate indifference in violation of the Eighth Amendment.

On June 14, 2012, Defendants Walker, Boparai, Chapnick, Malogi, McElroy, Zamora, Nay, and Campbell filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for Plaintiff's failure to state a claim upon which relief may be granted. ECF No. 31.[1] On July 5, 2012, Plaintiff filed his opposition. ECF No. 33. On July 13, 2012, Defendants filed their reply. ECF No. 34. The matter is submitted pursuant to Local Rule 230(l).

---

[1] Defendants Greeman and Blackwell have not been served in this action. Defendant Campbell joined the motion on September 13, 2012. ECF No. 36.

## II.     Legal Standard

The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The federal system is one of notice pleading. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*

## III.    Summary of Third Amended Complaint

Plaintiff is incarcerated at Avenal State Prison ("ASP") in Avenal, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants: J. Walker, Chief of the California Prison Health Care Services, Office of Third Level Appeals; L. D. Zamora, Chief of the California Prison Health Care Services; Ellen Greenman, Chief Medical Officer at ASP; Donald B. McElroy, Chief Executive Officer, Health Care Services at ASP; M. Boparai, Chief Physician and Surgeon at ASP; S. Malogi, R.N. & Healthcare Advocate at ASP; Gospha Campbell, medical doctor at ASP; J. Nay, healthcare appeals coordinator at ASP; and Robert Chapnick, Chief Medical Executive at ASP.

Plaintiff alleges the following.  In November 2007, CDCR officials issued a memorandum ("Valley Fever Memo") to all Wardens, Health Care Managers, Chief Medical Officers, and Nursing Directors, among others, at CDCR institutions statewide. The Valley Fever Memo observed that in 2005, two prisons in California's San Joaquin Valley had experienced significant increases in the

number of inmate-patients presenting with coccidioidomycosis ("valley fever"), with deaths attributed to the disease. The Valley Fever Memo listed eight prisons, including ASP, in the area of greatest risk for exposure to valley fever, and it gave directions for identifying and transferring certain inmates at these eight prisons because of their heightened risk of developing health problems related to the disease.

Plaintiff arrived at ASP on November 5, 2007. On January 15, 2009, physician assistant Safi signed a lab report indicating a PSA level of 6.29 in Plaintiff's blood, indicating possible cancer. On January 21, 2009, Defendant Campbell requested and signed a Physician Request for Services Form for Plaintiff to be seen by Dr. Gene Hori for possible cancer. On May 22, 2009, Dr. Hori diagnosed Plaintiff with prostatic carcinoma and sent his findings to ASP medical department. Dr. Hori referred Plaintiff to Dr. Longo for radiation treatment for his cancer.

On October 2, 2009, Dr. Longo notified Dr. Hori that he had completed the treatment. On December 21, 2009, Plaintiff went to Facility IV Medical Clinic at ASP complaining of chest pain. Plaintiff was transported to Bakersfield Memorial Hospital, where two wedges of the upper left lobe of Plaintiff's lung were removed. A biopsy indicated that the lesion had been caused by a serious infection from valley fever. Plaintiff submitted a 602 inmate appeal on January 20, 2010 regarding his concerns of reinfection with ASP. Defendants Campbell, Nay, Malogi, Boparai, Greenman, McElroy, and Walker denied Plaintiff's appeal, stating that chest x-rays were negative for valley fever and a medical transfer was not medically indicated. On May 4, 2010, Defendant Campbell diagnosed Plaintiff with moderate to severe Chronic Obstructive Pulmonary Disease ("COPD"). Plaintiff now uses several asthma inhalers.

Plaintiff filed a second inmate appeal, contending that he should be transferred to another facility because of his COPD and because ASP suffers from dust storms that sometimes cause painful asthma attacks. Defendants Blackwell, Malogi, Boparai, Nay, Chapnick, McElroy and Zamora denied this appeal, finding that a medical transfer would not be adequate medical treatment.

Plaintiff referred to and included as exhibits Plaintiff's inmate appeals and his relevant medical records. On January 20, 2010, Plaintiff filed an inmate grievance, seeking a transfer from ASP to an institution located outside the "valley fever hyperendemic" (i.e., the area of greatest

concern). Defendants Boparai and Malogi denied the grievance at the first level of review. After noting that Plaintiff had been examined by his treating physician, who determined that (i) Plaintiff had no active valley fever, (ii) his laboratory results were negative for leucopenia, and (iii) his chest x-ray results were negative for valley fever, Defendants Boparai and Malogi explained that Plaintiff's request for a transfer from ASP was "medically not indicated."

Plaintiff appealed the denial of his grievance to the second level of review. Defendants McElroy and Nay denied Plaintiff's appeal for the reasons provided at the first level of review. In addition, the Second-Level Appeal Response observed that under the terms of the Valley Fever Memo, inmates like Plaintiff who had already been infected did not qualify for transfer out of the valley fever hyperendemic, as such a transfer was no longer medically appropriate. Finally, Plaintiff appealed to the Director's Level of review, where Defendant Walker denied Plaintiff's grievance for the reasons stated in the first- and second-level appeal responses.

## IV. Analysis

### A. Legal Standard

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

*Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Defendants contend that Plaintiff fails to state a claim as to Plaintiff's alleged injury from contracting valley fever, and subsequently remaining at ASP despite being diagnosed with COPD. The Court will examine each claim in turn.[2]

### B.    Claim One

Plaintiff contends that Defendants knew that Plaintiff had a weakened immune system and was receiving cancer treatment, but failed to remove Plaintiff from ASP. Plaintiff then contracted valley fever. Defendants contend that they were not aware of any possible harm until after Plaintiff filed his inmate grievance. Defendants submit in support citations to Plaintiff's exhibits, which were incorporated by reference in Plaintiff's Third Amended Complaint. Defendants contend that the exhibits demonstrate no knowledge of any substantial risk of serious harm by any of the Defendants responding to Plaintiff's January 2010 inmate grievance.[3]

The submitted exhibits indicate that Defendants Nay, Malogi, Boparai, Greenman, McElroy, and Walker were apprised of Plaintiff's prior medical history at the time Plaintiff filed his inmate appeal. In order to demonstrate deliberate indifference, Plaintiff must allege facts which indicate that Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health. *Farmer*, 511 U.S. at 837. The exhibits incorporated by reference in Plaintiff's Third Amended Complaint do not demonstrate that Defendants Nay, Malogi, Boparai, Greenman, McElroy, and Walker knew that Plaintiff had been diagnosed with cancer or had a weakened immune system and should thus be transferred from ASP.[4]

Plaintiff does not state a claim against Defendant Campbell. Though Plaintiff contends that Defendant Campbell referred Plaintiff to Dr. Hori for possible prostate cancer, the submitted exhibits do not indicate that Defendant Campbell was aware that Plaintiff had cancer until January 21, 2010,

---

[2] Plaintiff contends that because the Court has screened his Third Amended Complaint pursuant to 28 U.S.C. § 1915A(a), Defendants' motion is improperly brought. However, Defendants are not precluded from filing a 12(b)(6) motion even if the Court had screened Plaintiff's complaint for sufficiency of the pleadings to state a claim. Additionally, the Court may revisit any order prior to final judgment. Fed. R. Civ. P. 54(b).

[3] There does not appear to be a dispute as to the objective prong of Plaintiff's Eighth Amendment claim.

[4] Though Defendant Greenman has not appeared in this action, Defendants' arguments apply as well.

5

after Plaintiff had allegedly already contracted valley fever. Pl.'s Third Am. Compl., Ex. A-2. Plaintiff's exhibit, cited in support of his claim, indicates that Defendant Campbell, like Defendants Nay, Malogi, Boparai, Greenman, McElroy, and Walker, were not aware that Plaintiff had cancer until after Plaintiff had contracted valley fever. Thus, even liberally construing Plaintiff's complaint pursuant to *Iqbal*, Plaintiff has not alleged sufficient facts to indicate that Defendant Campbell knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

### C. Claim Two

Plaintiff contends that he has COPD and that his continued presence at ASP, which is in an area known to be hyperendemic valley fever, constitutes an excessive risk of serious harm to Plaintiff's health.

Based on the criteria set forth by CDCR regarding medical transfers for inmates with certain conditions, medical transfers from ASP are only for inmates who have COPD and require ongoing intermittent or continuous oxygen therapy. Pl.'s Third Am. Compl., Ex. E. Defendants Blackwell, Malogi, Boparai, Nay, Chapnick, McElroy and Zamora denied Plaintiff's inmate appeal requesting a transfer, finding that it would not be medically necessary. Defendant Zamora in denying Plaintiff's appeal at the third level of review informed Plaintiff that medical transfers were limited to inmates who had COPD and required intermittent or continuous oxygen therapy. Pl.'s Third Am. Compl., Ex. I. Defendant Zamora found that Plaintiff was not receiving intermittent or continuous oxygen therapy and thus did not qualify for a transfer.

Even liberally construing Plaintiff's pleadings, Plaintiff does not state an Eighth Amendment claim. Defendants denied Plaintiff's inmate appeal for transfer based on CDCR's criteria for transfers set forth in the Valley Fever Memo. Based on the submitted exhibits, Plaintiff was prescribed medication for his COPD. By requesting a medical transfer, Plaintiff is essentially requesting specific treatment, which amounts at most to a difference of opinion between Plaintiff and the medical staff at ASP, which is not sufficient to state a claim. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).[5]

//

---

[5] Though Defendant Blackwell has not been served, the same analysis applies here. Plaintiff alleges at most a difference of opinion, which fails to state an Eighth Amendment claim.

### D. Dismissal of Action

Plaintiff fails to state an Eighth Amendment claim against any Defendants. Plaintiff was provided several opportunities to amend his complaint to state a claim, but was unable to do so. The Court does not find that Plaintiff will be able to cure the deficiencies in his pleadings, and will thus dismiss this action with prejudice. *Lopez v. Smith*, 203 F.3d 1122, 1130 (2000) (en banc).

## V. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' Motion to Dismiss, filed June 14, 2012, is granted;
2. This action is dismissed with prejudice for failure to state a claim upon which relief may be granted;
3. All other pending motions are denied as moot; and
4. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: **February 25, 2013**            /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE